**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Alton Waggoner et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:22-cv-02776-E |
| v. ) | |
| ) | |
| The City of Dallas, Texas et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO NON-PARTY ADAM BAZALDUA'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

Non-party Councilmember Adam Bazaldua moves to quash Plaintiffs' subpoena for his testimony at the preliminary injunction hearing scheduled for Thursday, April 13, 2023. He raises a testimonial shield by asserting he is a "high-ranking government official," and also claims his testimony could implicate two separate privileges—attorney-client and legislative. None of Bazaldua's arguments demonstrate a basis for quashal of the subpoena, and Plaintiffs' subpoena can be modified to accommodate his concerns. *See Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright."). For the following reasons, Councilmember Bazaldua's motion should be denied.

## I. Bazaldua has not demonstrated he is a high-ranking government official who is entitled to a testimonial shield.

Councilmember Bazaldua seeks a testimonial shield on the basis that he is a high-ranking government official who "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir.

1

1995). But Bazaldua offers no more than his status as a member of the Dallas City Council to show his entitlement to quashal.

That is not enough to successfully defeat Plaintiffs' subpoena and obtain a protective order. The "settled rule in this circuit" rests on the basic premise that "[h]igh ranking government officials have greater duties and time constraints than other witnesses." *Id.* Under those circumstances "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)). Thus, "courts that have issued protective orders for high-ranking officials have done so in the cases of Senators, the District's Mayor, General Counsel for the House of Representatives and other high-ranking administrative heads." *Byrd v. Dist. of Columbia*, 259 F.R.D. 1, 8 (D.D.C. 2009); *see also In re F.D.I.C.*, 58 F.3d at 1060-63 (quashing subpoenas of three FDIC directors).

Bazaldua fails to show why his duties and responsibilities are akin to those of high-level officials. His title alone does not give him that authority, and other officials who, like Bazaldua, do not sit at the top of their respective governmental bodies have not been afforded that status. *See Byrd*, 259 F.R.D. at 8 (holding that Deputy Mayor and General Counsel for a District Department are not "of such importance as to be viewed in the same light as these offices").

Moreover, because the rule against requiring high-ranking government officials to give testimony is intended to prevent litigation from impinging on the obligations of their public office, successfully invoking that status typically requires a showing from Bazaldua of some clear conflict between responding to Plaintiffs' subpoena and his other duties, at a minimum. Bazaldua's motion makes no such showing. The only conflict Bazaldua offers is his prior obligation to attend a Regional Transportation Committee the afternoon of the hearing. Dkt. 34 at 2, 4. But Plaintiffs, at

Bazaldua's request, worked to accommodate his schedule by agreeing to call him to testify first.[1]
This one conflict, without more, does not present the level of interference with official duties that
the Fifth Circuit and other courts have found are required to grant Bazaldua "high-ranking public
official" status.

Lastly, Bazaldua's citation to *Harding v. County of Dallas, Texas* is inapt. As the Court
there noted, a determinative factor in that decision was the plaintiffs' failure to dispute that the
County Judge and Commissioners are high ranking government officials. No. 3-15-cv-131-D,
2016 WL 7426127, at *8 (N.D. Tex. Dec. 23, 2016). That is not true here; Plaintiffs very much
dispute Bazaldua's status. Without a greater showing from Bazaldua to demonstrate his position
should be afforded that status, the Court should decline to quash the subpoena and enter a
protective order on that basis.

## II.   Bazaldua's legislative privilege, strictly construed, permits him to testify on certain topics.

Likewise, Councilmember Bazaldua asks to be excused from testifying on the basis that
some of his testimony may implicate his legislative privilege, a qualified evidentiary privilege that
is "accepted only to the limited extent that permitting a refusal to testify or excluding relevant
evidence has a public good transcending the normally predominant principle of utilizing all
rational means for ascertaining the truth." *Gilby v. Hughs*, 471 F. Supp. 3d. 763, 766 (W.D. Tex.
2020). The legislative privilege is therefore "strictly construed," *id.*, because as is "especially true"
in federal civil rights cases like this one, the assertion of the privilege must "overcome the

---

[1] In light of the Court's electronic order denying without prejudice Plaintiffs' Motion Requesting Judicial
Notice, Dkt. 37, Plaintiffs may now need to call the City's records custodian first in order to authenticate
the government documents and recordings Plaintiffs intend to introduce as evidence and establish that they
are admissible under Federal Rule of Evidence 803(8) (public records). Plaintiffs hope to work with
Defendants to attempt to reach an agreement to stipulate to their admissibility.

fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Mason v. Stock*, 869 F. Supp. 828, 833 (D. Kan. 1994) (quoting *Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y. 1985)); *see also Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017).

Whether the privilege applies to particular evidence in a legislator's possession requires a balancing of the need for the evidence against the goal of ensuring the legislative body retains its independence. *See Harding v. Cnty. of Dallas, Tex.*, No. 3:15-CV-0131-D, 2016 WL 7426127, at *3 (N.D. Tex. Dec. 23, 2016) (balancing five factors: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable."). Even then, the privilege only protects information that would reveal the "opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." *TitleMax of Tex., Inc. v. City of Dallas*, No. 3:21-cv-1040-S-BN, 2022 WL 326566, at *5 (N.D. Tex. Feb. 3, 2022) (quoting *Jackson Muni. Airport. Auth. v. Bryant*, No. 3:16-cv-246-CWR-FKB, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017)). It does not apply to "communications between legislators or legislative staff and any third party . . . ." *Id.*

Plaintiffs seek to take Councilmember Bazaldua's testimony on several topics that do not implicate his legislative privilege and are not readily available from other sources. The topics of Plaintiffs' proposed questioning include asking Councilmember Bazaldua about his:

1. understanding of certain documents and public statements offered to City Council in open session by non-legislative employees of City agencies;
2. recollection of the meaning of certain public statements made during public City Council meetings;

3. understanding of the challenged ordinance and Marshals ordinance, and their effect on certain populations;
4. recollection of the evidence and data presented to City Council, or lack thereof, purporting to demonstrate a public safety justification for the challenged ordinance;
5. reaction to the public statements of other councilmembers at City Council meetings.

Each of these topics falls outside of the legislative privilege because they do not probe Councilmember Bazaldua's intent or motive in making particular decisions, nor do they ask him to reveal confidential communications with his staff or other councilmembers.

Alternatively, these topics pass muster under the balancing required for Plaintiffs to overcome the qualified nature of the privilege. *See Harding*, 2016 WL 7426127, at *3. These topics are highly relevant to both whether Dallas City Council acted with an improper legislative purpose in passing the challenged ordinance, and whether the challenged ordinance survives any level of constitutional scrutiny. *See also Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 102 (S.D.N.Y. 2003) (evidence need not prove an essential element of a claim to be relevant for the balancing required here). The availability of other evidence—the recorded public meetings of City Council, as Bazaldua points to, Dkt. 34 at 4—does not lessen the need for this testimony because Bazaldua can provide first-person insight into his understanding of the data and evidence presented at these meetings, which is not readily apparent from the recordings themselves.

Additionally, this litigation and the issues involved are serious because the violation of Plaintiffs' constitutional rights is one of the gravest forms of injury. *Cf. Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 531 (S.D. Tex. 2020) ("It is always in the public interest to prevent the violation of a party's constitutional rights.") (citation omitted). Moreover, the role of the City Council in causing Plaintiffs' injury has been placed directly at issue in this litigation, because the challenged ordinance was enacted by City Council without a proper legislative purpose and the requisite findings needed to demonstrate the ordinance, at a minimum, serves an important

government interest. Finally, the possibility of future timidity on the part of Bazaldua and other legislative officials is not to be taken lightly, but nonetheless outweighed by the need for Bazaldua's testimony here. On balance then, Councilmember Bazaldua's qualified legislative privilege should yield to the need for his testimony specifically in this case.

III.   **Plaintiffs do not intend to broach topics that would encroach upon the attorney-client privilege.**

Lastly, Councilmember Bazaldua raises the possibility that his testimony could implicate his attorney-client privilege, because some of the information he possesses involves his recollection of closed sessions of City Council or attorney-client privileged communications. To be clear, Plaintiffs do not intend to probe subjects that could implicate attorney-client privileged information. To the extent their questioning unintentionally broaches these subjects, Councilmember Bazaldua, through his counsel, can raise specific objections to this questioning during tomorrow's hearing. The privilege can and does foreclose certain avenues of questioning, but does not preclude Bazaldua's presence altogether.

IV.   **Conclusion**

For the foregoing reasons, Councilmember Bazaldua's motion should be denied.

Dated: April 12, 2023

Respectfully submitted,

| | |
|---|---|
| Travis Fife | Thomas S. Leatherbury |
| Texas Bar No. 24126956 | Texas State Bar No. 12095275 |
| travis@texascivilrightsproject.org | tom@tsleatherburylaw.com |
| Attorney-in-Charge | Thomas S. Leatherbury Law, PLLC |
| Dustin Rynders | Cumberland Hill School Building |
| Texas State Bar No. 24048005 | 1901 N. Akard St. |
| dustin@texascivilrightsproject.org | Dallas, Texas 75201 |
| Molly Petchenik (Pro Hac Vice) | Telephone: 214-213-5004 |
| Illinois Bar No. 6339511 | |
| molly@texascivilrightsproject.org | |
| Texas Civil Rights Project | /s/ *Peter B. Steffensen* |
| 1405 Montopolis | Peter B. Steffensen |
| Austin, Texas 78741 | Texas State Bar No. 24106464 |
| Telephone: 512-474-5073 | psteffensen@smu.edu |
| | SMU Dedman School of Law |
| Caitlyn Silhan | First Amendment Clinic |
| Texas State Bar No. 24072879 | P.O. Box 750116 |
| csilhan@waterskraus.com | Dallas, TX 75275 |
| Waters Kraus Paul | Telephone: 214-768-4077 |
| 3141 Hood Street, Suite 200 | Facsimile:  214- 768-1611 |
| Dallas, Texas 75219 | |
| Telephone: 214-357-6244 | **ATTORNEYS FOR PLAINTIFFS** |
| Facsimile:  214-357-7252 | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, a true and correct copy of this document was properly served on all counsel of record via electronic filing in accordance with USDC, Northern District of Texas Procedures for Electronic Filing.

/s/ *Peter B. Steffensen*
Peter B. Steffensen