IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTON WAGGONER, LAFAYETTE | § | |
| "TERI" HEISHMAN, HANNAH | § | |
| LEBOVITS, KAWANA SCOTT, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 3:22-cv-02776-E |
| | § | |
| THE CITY OF DALLAS, TEXAS, | § | |
| EDGARDO GARCIA, in his Official | § | |
| Capacity, and DAVID PUGHES, in his | § | |
| Official Capacity, | § | |
|     Defendants. | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants the City of Dallas, and, in their official capacities, Dallas Chief of Police Edgardo Garcia and Dallas City Marshal David Pughes (together "Defendants") hereby file this their original answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") [ECF 1].

## I.    ANSWER

### Introduction

1.    Defendants admit the Dallas City Council duly enacted section 28-61.1 of the Dallas City Code (the "Ordinance"). Defendants deny the remaining allegations in <u>paragraph 1</u>.

2.    Defendants deny the allegations in <u>paragraph 2</u>.

3.      Defendants admit that section 28-61.1(a) of the Dallas City Code states, "A person commits an offense if the person stands or walks on a median that measures six feet or less in width, in areas where no median exists for roadways designated as divided roadways, or in an area designated as a clear zone." Defendants also admit the Ordinance defines clear zone as "the unobstructed, traversable area provided beyond the edge of the through travelled way for the recovery of errant vehicles. On a curbed street, the clear zone is the area four feet from the face of the curb. On an uncurbed street, the clear zone is 10 feet from the edge of the travel lane. A clear zone includes shoulders, bicycle lanes, and auxiliary lanes, except auxiliary lanes that function like through lanes. However, a clear zone does not include areas adjacent to the back of the curb where a paved sidewalk exists. includes the area four feet from the face of a curb and ten feet from the edge of a travel lane on an uncurbed street." Dallas, Tex., Code § 28-61.1(b)(1). Defendants deny the remaining allegations in paragraph 3.

4.      Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 4 regarding the Plaintiffs, and on that basis, Defendants deny those allegations. Defendants deny that the locations affected by the Ordinance are "crucial public forums." Defendants deny that the Ordinance is broad, punitive, or a prior restraint of speech and that the Ordinance violates the First Amendment. Defendants deny any remaining allegations in paragraph 4.

5.      Defendants deny the allegations in <u>paragraph 5</u>.

6.      Defendants deny the allegations in <u>paragraph 6</u>.

7.      Defendants admit that former City Attorney Christopher Caso and Chief of Community Prosecution Jill Haning presented a briefing to the City Council on February 3, 2021, related to panhandling and solicitation more than twenty months before the Ordinance was duly enacted on October 26, 2022, and that a slide within the presentation for the briefing contained the quoted language referenced in <u>paragraph 7</u>. Defendants deny the remaining allegations in <u>paragraph 7</u>.

8.      Defendants admit that Plaintiffs seek the relief set out in <u>paragraph 8</u> but deny they are entitled to such relief.

## **<u>Jurisdiction and Venue</u>**

9.      Defendants admit that this is a civil rights action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United State Constitution. Defendants deny that this Court has jurisdiction over Plaintiffs' as-applied claim because they lack standing. Defendants admit the remaining allegations in <u>paragraph 9</u>.

10.     Defendants admit that the passage of the Ordinance occurred in this district, and on that basis, Defendants admit that venue in this Court is proper.

## Parties

11.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 11, and on that basis, Defendants deny those allegations.

12.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 12, and on that basis, Defendants deny those allegations.

13.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 13, and on that basis, Defendants deny those allegations.

14.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 14, and on that basis, Defendants deny those allegations.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit that section 28-18 of the Dallas City Code grants authority to the Dallas Police Department "to enforce the traffic laws of the city and the state vehicle laws applicable to street traffic in the city," Dallas, Tex., Code § 28-18(a), but deny that section 28-153 of the Dallas City Code grants Chief Garcia or the Dallas Police Department authority to enforce the Ordinance. Defendants aver that section 28-154 of the Dallas City Code does grant authority to "[a]ny police

officer . . . to arrest without warrant any person found committing a violation of any provision of this chapter." Defendants otherwise admit the allegations in <u>paragraph 16</u>.

17.    Defendants aver that, since the Complaint was filed, David Pughes has been named City Marshal and, therefore, is no longer Interim City Marshal. Defendants further aver that, since the Complaint was filed, section 13-10 of the Dallas City Code has been repealed, and the duties of the City Marshal have been expanded and are now set out in section 2-176 of the Dallas City Code. Defendants admit, however, that the City Marshal remains authorized to enforce the Ordinance, and except to the extent that they are inconsistent with Defendants' averments as to changes since the filing of the Complaint, Defendants admit the allegations in <u>paragraph 17</u>.

## **Factual Allegations**

18.    Defendants admit the allegations in <u>paragraph 18</u>.

19.    Defendants admit the allegations in <u>paragraph 19</u>.

20.    Defendants deny the allegations in <u>paragraph 20</u>.

21.    Defendants deny the allegations that the City Marshal's Office and the Office of Homeless Solutions have "taken a proactive role in criminally punishing homeless people." Defendants aver that, since the filing of the Complaint, the City Marshal's Office role has become a separate entity from the Dallas Municipal Court,

and on that basis, Defendants deny that the City Marshal's Office's duties as they exist now primarily relate to the operation of the Dallas Municipal Court and city jail, although those responsibilities remain part of the office's duties. Defendants admit the remaining allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants state that the referenced documents speak for themselves but deny the allegations in those documents. Defendants otherwise deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants admit the Dallas City Council received a briefing entitled "Overview of Panhandling, Solicitation, and Available Strategies" on February 3, 2021, but deny the remaining allegations in paragraph 25.

26.     Defendants admit the City Attorney's Office presented a slide presentation entitled "Overview of Panhandling, Solicitation, and Available Strategies" dated February 3, 2021, and that the written slide presentation speaks for itself. Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit the City Attorney's Office presented a slide presentation entitled "Overview of Panhandling, Solicitation, and Available Strategies" dated February 3, 2021, and that the written slide presentation speaks for itself. Defendants deny the remaining allegations in paragraph 27.

6

28.     Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that former council member Kleinman was on the Dallas City Council when it enacted the Ordinance over twenty months later on October 26, 2022, or that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that former council member Kleinman was on the Dallas City Council when it enacted the Ordinance over twenty months later on October 26, 2022, or that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in paragraph 29.

30.     Defendants admit the City Attorney's Office created a slide presentation entitled "Overview of Panhandling, Solicitation, and Available Strategies" dated February 3, 2021, and that the written slide presentation speaks for itself. Defendants deny the remaining allegations in paragraph 30.

7

31.    Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance over twenty months later on October 26, 2022, or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in paragraph 31.

32.    Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance over twenty months later on October 26, 2022, or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in paragraph 32.

33.    Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance over twenty months later on October 26, 2022, or the legal or factual

analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in <u>paragraph 33</u>.

34.     Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance over twenty months later on October 26, 2022, or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in <u>paragraph 34</u>.

35.     Defendants admit that the focus of the February 3, 2021, briefing item was panhandling and solicitation, not traffic safety. Defendants deny any implication that the briefing is relevant to the enactment of the Ordinance over twenty months later on October 26, 2022, or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants deny the remaining allegations in <u>paragraph 35</u>.

36.     Defendants admit that the referenced recording of the February 3, 2021, council briefing is accurate and speaks for itself, but deny that former council member Kleinman was on the Dallas City Council when it enacted the Ordinance over twenty months later on October 26, 2022, or that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny any implication that the remarks are relevant to the enactment of the Ordinance

or the legal or factual analysis of Plaintiffs' First Amendment claim. Defendants admit the remaining allegations in <u>paragraph 36</u>.

37.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in <u>paragraph 37</u> pertaining to the truth of statements made by Plaintiffs in their declarations and, on that basis, deny those allegations. Defendants state that the February 3, 2021, slide presentation given by the City Attorney's Office speaks for itself but deny the remaining allegations in <u>paragraph 37</u>.

38.     Defendants admit that the referenced recording of the October 25, 2021, Government Performance and Financial Management ("GPFM") Committee meeting is accurate and speaks for itself and that a presentation was given at that meeting titled "Panhandling Deflection Program," which also speaks for itself. Defendants deny any remaining allegations in <u>paragraph 38</u>.

39.     Defendants admit that the referenced recording of the October 25, 2021, GPFM Committee meeting is accurate and speaks for itself. Defendants deny any remaining allegations in <u>paragraph 39</u>.

40.     Defendants deny the allegations in <u>paragraph 40</u>.

41.     Defendants deny the allegations in <u>paragraph 41</u>.

42.     Defendants admit that the Transportation and Infrastructure Committee was briefed on the Ordinance on April 18, 2022. Defendants deny the remaining allegations in paragraph 42.

43.     Defendants admit that the referenced recording of the April 18, 2022, Transportation and Infrastructure Committee meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 43.

44.     Defendants admit that the referenced recording of the April 18, 2022, Transportation and Infrastructure Committee meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 44.

45.     Defendants admit that the referenced recording of the April 18, 2022, Transportation and Infrastructure Committee meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 45.

46.     Defendants admit that the referenced recording of the April 18, 2022, Transportation and Infrastructure Committee meeting is accurate and speaks for itself, but deny the remaining allegations in paragraph 46.

47.     Defendants admit that the Director of the Department of Transportation was present at the Transportation and Infrastructure Committee meeting held on April 18, 2022, and that he provided a memorandum dated September 15, 2022, to the council in response to questions posed at the committee meeting. Defendants deny the remaining allegations in paragraph 47.

48.     Defendants state that the Department of Transportation's memorandum dated September 15, 2022, speaks for itself, but assert that its intent was limited to answering questions posed to the Department at the committee meeting. Defendants deny the remaining allegations in paragraph 48.

49.     Defendants state that the April 25, 2022, memorandum from the Office of Homeless Solutions to the GPFM Committee and the May 20, 2022, memorandum and slide presentation provided to the GPFM Committee at its May 23, 2022, meeting, speak for themselves, but deny that providing an update on the Ordinance was the sole or primary purpose of those documents. Defendants deny the remaining allegations contained in paragraph 49.

50.     Defendants admit that Office of Homeless Solutions submitted memoranda to the GPFM Committee on May 23, 2022, June 27, 2022, and October

24, 2022, which speak for themselves. Defendants deny the remaining allegations in paragraph 50.

51.    Defendants admit that the Department of Transportation was not involved in briefing the GPFM Committee on the Ordinance and that the Ordinance was briefed by memorandum for the GPFM Committee, but Defendants deny that the GPFM Committee was responsible for gathering or evaluating traffic safety information related to the Ordinance. Defendants deny that the Ordinance is supported by a "barebones safety justification" and deny any remaining allegations in paragraph 51.

52.    Defendants admit that an October 7, 2022, memorandum related to an amendment to chapter 13 of the Dallas City Code was provided to the Public Safety Committee for its October 11, 2022, meeting, and state that the memorandum speaks for itself. Defendants deny that either the Ordinance or section 28-63.3 of the Dallas City Code are "anti-panhandling ordinances" and deny any remaining allegations in paragraph 52.

53.    Defendants admit the allegations in paragraph 53.

54.    Defendants admit that the referenced recordings of the October 26, 2022, council meeting and April 18, 2022, Transportation and Infrastructure Committee meeting are accurate and speak for themselves, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a

whole and deny that "council members repeatedly acknowledged the Ordinance began as a panhandling measure." Defendants deny the remaining allegations in paragraph 54.

55.    Defendants admit that the referenced recording of the October 26, 2022, council meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 55.

56.    Defendants admit that the referenced recording of the October 26, 2022, council meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 56.

57.    Defendants admit that Dallas City Marshal David Pughes answered questions posed by the council during the October 26, 2022, council meeting and state that the recording speaks for itself. Defendants deny the remaining allegations in paragraph 57.

58.    Defendants admit that the referenced recording of the October 26, 2022, council meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 58.

59.     Defendants admit that the referenced recording of the October 26, 2022, council meeting is accurate and speaks for itself, but deny that the remarks of any individual council member can be imputed to the Dallas City Council as a whole. Defendants deny the remaining allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants admit that the Director of Transportation answered questions posed by the council during the October 26, 2022, council meeting and state that the recording speaks for itself. Defendants deny the remaining allegations in paragraph 61.

62.     Defendants admit that the Director of Transportation answered questions posed by the council during the October 26, 2022, council meeting and state that the recording speaks for itself. Defendants deny the remaining allegations in paragraph 62.

63.     Defendants admit that a Dallas Police Department representative answered questions posed by the council during the October 26, 2022, council meeting and state that the recording speaks for itself. Defendants deny any remaining allegations in paragraph 63.

64.     Defendants admit that a Dallas Police Department representative answered questions posed by the council during the October 26, 2022, council

meeting and state that the recording speaks for itself. Defendants deny any remaining allegations in paragraph 64.

65.    Defendants deny that the Ordinance fails to provide a foundation for the traffic safety purpose. Defendants admit the remaining allegations in paragraph 65.

66.    Defendants admit that Dallas's Vision Zero Plan lists *seven* factors that contribute to severe traffic crashes: pedestrian presence, speeding, not using proper restraints, under the influence, left turn failure to yield, red light running, and distracted driving. Defendants deny the remaining allegations in paragraph 66.

67.    Defendants state that the 2022 Vision Zero Action Plan referenced in the Complaint speaks for itself. Defendants deny the statements contained in the first and last sentences and admit the remaining allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations regarding the Plaintiffs and, on that basis, deny those allegations. Defendants deny the remaining allegations in paragraph 69.

70.    Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 70 and, on that basis, deny those allegations.

71.     Defendants admit that a citation was issued to an individual named Alton Waggoner for violation of a provision of the Dallas City Code other than the Ordinance on March 8, 2020, more than two years before the Ordinance was enacted on October 26, 2022. Defendants further admit that the initial fine was for $459.80, but aver that the case was closed on February 21, 2023, without payment of any fine or other fee. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 71 and, on that basis, deny those allegations.

72.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 72 and, on that basis, deny those allegations.

73.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 73 and, on that basis, deny those allegations.

74.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 74 and on that basis, deny those allegations.

75.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 75, and on that basis, deny those allegations.

76.     Defendants admit that eight citations have been issued to an individual named Lafayette Heishman for violation of a provision of the Dallas City Code other than the Ordinance between July 10, 2012, and April 9, 2017, more than five years before the Ordinance was enacted on October 26, 2022. Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 76 and, on that basis, deny those allegations.

77.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 77 and, on that basis, deny those allegations.

78.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 78 and, on that basis, deny those allegations.

79.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 79 and, on that basis, deny those allegations.

80.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 80 and, on that basis, deny those allegations.

81.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 81 and, on that basis, deny those allegations.

82.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 82 related to Plaintiffs and, on that basis, deny those allegations. Defendants deny the remaining allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 84 and, on that basis, deny those allegations.

85.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 85 and, on that basis, deny those allegations.

86.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 86 and, on that basis, deny those allegations.

87.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 87 and, on that basis, deny those allegations.

88.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in <u>paragraph 88</u> and, on that basis, deny those allegations.

89.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 89 related to Plaintiffs and, on that basis, deny those allegations. Defendants deny the remaining allegations in <u>paragraph 89</u>.

90.     Defendants admit that sidewalks have traditionally been used as public forums, but deny that the Ordinance affects those traditional public forums because it applies to limited areas that are inherently dangerous for pedestrians and deny that the Ordinance "closes off critical forums in the marketplace of ideas." Defendants deny the remaining allegations in <u>paragraph 90</u>.

## <u>Count I</u>

91.     Defendants incorporate all their prior denials and admissions as if fully set forth herein.

92.     <u>Paragraph 92</u> states legal conclusions and/or arguments to which no response is required, and therefore, such allegations are deemed denied. Defendants deny liability under 42 U.S.C. § 1983.

93.     Paragraph 93 states legal conclusions and/or arguments to which no response is required, and therefore, such allegations are deemed denied. Defendants deny the remaining allegations in paragraph 93.

94.     Paragraph 94 is a recitation of law to which no response is required, but Defendants deny that the Ordinance is content-based.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

## Count II

100.    Defendants incorporate all their prior denials and admissions as if fully set forth herein.

101.    Paragraph 101 states legal conclusions and/or arguments to which no response is required, and therefore, such allegations are deemed denied. Defendants deny the remaining allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.   Defendants deny the allegations in <u>paragraph 106</u>.

## <u>Count III</u>

107.   Defendants incorporate all their prior denials and admissions as if fully set forth herein.

108.   <u>Paragraph 108</u> is a recitation of law to which no response is required.

109.   Defendants deny the allegations in <u>paragraph 109</u>.

110.   <u>Paragraph 110</u> states legal conclusions and/or arguments to which no response is required, and therefore, such allegations are deemed denied. Defendants deny Plaintiffs are entitled to declaratory relief.

111.   As to the unnumbered paragraphs in Plaintiffs' Requests for Relief, Defendants deny that Plaintiffs are entitled to any relief.

## II.   DEFENSES AND AFFIRMATIVE DEFENSES

112.   Defendants incorporate by reference their responses to the allegations in the Complaint, as set forth in the foregoing paragraphs.

113.   Plaintiffs lack standing. Plaintiffs have neither alleged nor shown that the Ordinance applies to them or that they are in imminent danger of it being applied to them because they have not alleged a particular median or area in which they routinely engage in protected activity that is affected by the Ordinance or that their speech has been chilled by the Ordinance.

114.   Plaintiffs fail to state a claim upon which relief may be granted in that they have failed to allege sufficient facts establishing that the medians and areas affected by the ordinance are traditional public forums.

115.   Plaintiffs' facial challenge to the Ordinance fails as a matter of law because the Ordinance is a facially neutral regulation of conduct that applies regardless of viewpoint, and therefore, it does not violate the First Amendment.

116.   Defendants are immune from liability for damages and attorney's fees unauthorized by 42 U.S.C. § 1983.

## PRAYER

For these reasons, Defendants ask the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, award Defendants their reasonable attorney's fees under 42 U.S.C. § 1988(b), and award Defendants all other relief the Court deems appropriate.

Respectfully submitted,

TAMMY L. PALOMINO
INTERIM CITY ATTORNEY

By: *s/ Kathleen M. Fones*
Kathleen M. Fones
Texas Bar No. 24050611
Assistant City Attorney
kathleen.fones@dallas.gov

Stacy Jordan Rodriguez
Texas Bar No. 11016750
Assistant City Attorney
stacy.rodriguez@dallas.gov

Dallas City Hall
1500 Marilla Street, Room 7DN
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was submitted to the Clerk of Court using the CM/ECF System for such electronic filing on this 10th day of October, 2023. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all parties registered under the CM/ECF System to receive service electronically.

s/ *Kathleen M. Fones*
Kathleen M. Fones